Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Attorneys for Candace Mings-Cohen

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Candace Mings-Cohen,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>American Express Centurion Bank,<br><br>　　　　　　　Defendant | Case No: '12CV0400 L    POR<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Plaintiff Candace Mings-Cohen, through her attorneys, brings this lawsuit to challenge the actions of Defendant American Express Centurion Bank, with regard to erroneous negative and derogatory reports regarding credit information reported by American Express to national credit reporting agencies, as well as for the negligent and malicious failure of American Express to properly investigate the repeated disputes of Plaintiff concerning the validity of certain alleged debts that American Express claimed was owed American Express by Plaintiff, and the failure of the American Express to

correct the derogatory and negative credit information placed in the Plaintiff's credit file by American Express, which American Express knew, or should have known, was erroneous, and which caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by American Express took place in California.

5. Any violations by American Express were knowing, willful, and intentional, and American Express did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of American Express's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1691 et seq. ("FCRA").

8. Because American Express does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, American Express conducted business within the State of California.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Carlsbad, State of California.

12. American Express is located in the City of Los Angeles, in the State of California.

13. American Express is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

14. Prior to 2010 Plaintiff opened two American Express credit cards, which were used by Plaintiff and paid as agreed by American Express over the course of the years.

15. On or about January 8, 2010, American Express, without notifying Plaintiff that there was an issue with her card(s), put a "block" on Plaintiff's account which denied Plaintiff the ability to make additional purchases.

16. On January 8, 2010, Plaintiff attempted to use one or more of her American Express cards at a retail establishment, and was declined.

17. Frustrated, Plaintiff telephoned American Express, where it was discovered that a billing error had apparently occurred as American Express had not received Plaintiff's payment.  Plaintiff informed American Express that payment had been sent and that there must have been some type of error on the part of American Express.  American Express's representative informed Plaintiff that her spending had increased over the past months and there may be a decrease in Plaintiff's credit limit.

18. After Plaintiff could not receive appropriate redress from American Express, Plaintiff hung up.  Later that same day, Plaintiff called American Express again and a new representative informed Plaintiff of the same information – that her payment had not been received.   Plaintiff was informed that American Express had sent Plaintiff notification of this delinquency, but Plaintiff never received any such notification.

19. Plaintiff, asserted by American Express to be a "valued" card member for over twenty years, was frustrated and disappointed by the attitude of

American Express in dealing with Plaintiff. As a result, Plaintiff then wrote two checks to American Express, $6,840.16 and $5,973.30, respectively which paid her balance in full. Those two checks were sent overnight mail with instructions to close her accounts.

20. Those two checks were delivered the next day, by way of Fed Express, on January 13, 2010 at 9:04 a.m. in New York and signed for by a reprentative of American Express, "R. Feldman."

21. Despite American Express receiving these checks to close Plaintiff's accounts, American Express subsequently began reporting Plaintiff's account as delinquent, which seriously damaged Plaintiff's credit standing. These delinquencies were then transferred to one or more of Plaintiff's various credit reports, making the matter worse.

22. On or about April 8, 2010, Plaintiff became aware that American Express was now reporting derogatory and inaccurate information on Plaintiff's credit report(s), as Plaintiff began receiving collection letters from collection companies on her now paid American Express accounts. In response, Plaintiff wrote American Express directly, demanding the negative credit reporting information be removed from Plaintiff's credit reports as the accounts had been paid in full and were now closed.

23. In response to Plaintiff's written inquiry, on April 13, 2010, American Express sent Plaintiff a letter stating that the checks Plaintiff remitted for payment in full were "inadvertently misplaced, and not credited to [Plaintiff's] account."

24. Notwithstanding that American Express had misplaced and mishandled Plaintiff's account, American Express continued to report inaccurate and negative credit reporting information to one or more of Plaintiff's national credit reports.

25. To this day, American Express has failed to rectify the inaccurate credit reporting information.

26. On or about July 2010, Plaintiff made a written request to the three major credit bureaus, a/k/a the "Big Three" (Equifax, in Georgia; TranUnion, in Pennsylvania; and Experian, in Texas), in an attempt to have the inaccurate and negative credit reporting items removed from Plaintiff's credit report(s).

27. Subsequently, the Big Three sent requests for American Express to make an appropriate investigation, as required by the FCRA, into Plaintiff's claims that she was not late, should not be in collections and that the accounts were paid.

28. In August 2010, after conducting a negligent, and improper, investigation, American Express "verified" that the negative credit reporting information provided to the Big Three and continued to improperly show Plaintiff was delinquent on her closed American Express accounts in excess of 120 days.

29. The above actions by American Express violated 15 U.S.C. §§1681 et seq., including, but not limited to, 15 U.S.C. §§1681s-2, in that American Express failed to adequately investigate or reinvestigate the Plaintiff's claim that the derogatory information filed was inaccurate and thereafter correct this inaccurate information.

30. Prior to the inaccurate credit reporting by American Express, Plaintiff had stellar credit. Because Plaintiff was in the process of making a large real estate purchase at the time American Express began negatively reporting Plaintiff to all three national credit bureaus, this real estate purchase was hindered based upon American Express's negative reporting. As a result, Plaintiff suffered considerable damages.

31. As a result of the derogatory information reported by American Express, and in violation of 15 U.S.C. §§ 1681 et seq., Plaintiff abstained from applying for credit, had adverse action taken on existing credit accounts and was denied credit. Plaintiff has sustained actual damages including emotional distress and pecuniary loss.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681 ET SEQ.

32. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

33. The foregoing acts and omissions of this American Express constitute numerous and multiple violations of the FCRA, including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §§ 1681 et seq.

34. As a result of American Express's willful noncompliance of the FCRA, Plaintiff has suffered is entitled to actual damages sustained by Plaintiff or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); such amount of punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), from each and every American Express.

35. As a result of American Express's negligent noncompliance of the FCRA, Plaintiff has suffered is entitled to actual damages sustained by Plaintiff pursuant to 15 U.S.C. § 1681o(a)(1); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from American Express.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against American Express, and Plaintiff be awarded damages from American Express, as follows:

- an award of actual damages in an amount to be determined at trial or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A) against American Express for each incident of willful noncompliance of the FCRA;

- an award of such amount of punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2) against American Express for each incident of willful noncompliance of the FCRA;
- an award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against American Express for each incident of negligent noncompliance of the FCRA;
- an award of costs of litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against American Express for each incident of noncompliance of the FCRA;
- any other relief that the court deems just and proper.

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: February 13, 2012           By: /s Joshua B. Swigart
                                  Joshua B. Swigart
                                  Attorneys for Plaintiff

☙JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Candace Mings-Cohen

## DEFENDANTS
American Express Centurion Bank, American

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Los Angeles, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'12CV0400 L    POR

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1691 et seq.
Brief description of cause:
Unfair Credit Reporting Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,001.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 02/14/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Joshua B. Swigart

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE